SAMUEL M. HITT, impleaded, &c., Appellant, *v.* AARON Q. ALLEN, Appellee.

APPEAL FROM WINNEBAGO.

All objections to the jurisdiction, arising out of a defective certificate of proceedings, in cases of change of venue, will be considered as waived, if the parties proceed to trial without having taken exception.

The statute requisition, that all the parties shall join in an application for a change of venue, extends only to such of them as have a trial pending, defendants in default, need not join in the application; the whole cause will be removed and final judgment will be rendered for or against all in the court to which the cause is taken.

A defendant who has tendered an issue, and has waived his right to object to the change of venue, cannot insist that the change was irregular as to a co-defendant who is in default.

Admissions by one of several partners, or one of several having a joint interest, if made while the partnership or joint interest existed, are evidence against the others. Such admissions, if made after dissolution, are sometimes evidence as to copartners, but as a general rule they are not evidence against those who had a joint interest which has ceased to exist.

Interest in actions purely *ex contractu,* and where there is nothing tortious in the character of the indebtedness, can only be recovered in the cases specified in the statute, or where there has been an express promise to pay interest, or where such a promise can be inferred from circumstances, or from the particular mode of dealing between the parties, or the usage of trade in which they dealt.

Interest does not run upon money due upon a parol contract, unless the debtor has caused unreasonable and vexatious delay in payment, by throwing obstacles in the way of collection, or by his using circumvention and management, to induce his creditor to prolong the collection of his debt.

Interest is allowed on money due by contract in writing, or on money due on the settlement of accounts.

THIS cause was heard before HENDERSON, Judge, and a jury, at the December term, 1850, of the Winnebago Circuit Court, on a change of venue from the county of Ogle, and resulted in a verdict and judgment for the appellee.

Hitt, one of the defendants below, brought the cause to this court by appeal.

The pleadings and facts of the case are sufficiently stated in the opinion of the court.

W. H. L. WALLACE and T. L. DICKEY, for appellant.

B. C. COOK, for appellee.

Hitt v. Allen.

Trumbull, J.  This was an action of debt, commenced in 1847, in the Ogle Circuit Court, by Allen against Hitt and Swingley, to recover for services rendered by him as a school-teacher, in the years 1838, 1839.

The declaration contained the common counts for work and labor, materials furnished, money lent, &c.

Both defendants were served with process. Hitt alone pleaded to the action, and judgment, by default, was entered against Swingley.

Subsequently, in pursuance of an agreement between Allen and Hitt, the venue was changed to the county of Winnebago, where a trial was had and judgment rendered against both the defendants, for the sum of two hundred dollars debt, and the sum of one hundred and thirty-six dollars and twenty-three and one third cents, in damages, for the detention thereof.

Numerous errors have been assigned upon this record; and, among others, it is insisted that the Circuit Court of Winnebago county had not jurisdiction of the cause, the record of the proceedings in Ogle county not being properly certified by the clerk of that court.

It is clear that Hitt has waived all objections of this kind, by going to trial without objection in the Winnebago Circuit Court. It is declared by statute, that " all questions concerning the regularity of proceedings in obtaining changes of venue and the right of the court to which the change is made to try the cause and execute the judgment, shall be considered as waived after trial and verdict." Rev. St. ch. 105, § 15; Gardner v. The People, 3 Scam. 87. But the judgment in this case is a joint judgment against both the defendants; and if the Circuit Court of Winnebago county had no authority to enter it against Swingley, it is erroneous as to both defendants.

Whether the Circuit Court had authority to change the venue, on the application or by the consent of Hitt above, after the entry of the default against Swingley, depends upon the proper construction of section seven of the statute before referred to. That section declares, " In civil causes, wherein there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of all the

parties, plaintiffs or defendants, as the case may be." After judgment by default against one of several defendants, on a joint obligation or undertaking, such party has admitted the cause of action ; and, as to him, there is nothing to try, though final judgment cannot be rendered against him till the issues tendered by his co-defendant are disposed of, and then only for the amount which shall be found due from such contesting defendant. The jury, impanelled to try the issues in such a case, should also be sworn at the same time, to assess the damages as to both the defendants, and then a joint judgment is entered against both for the same amount. Wight *v.* Merideth, 4 Scam. 360.

After judgment by default against a defendant, there is strictly no trial to be had as to him, and it is only in cases where a party can state on oath that he fears he will not receive a fair trial in the court where the cause is pending, that he is entitled to a change of venue. Unless, therefore, the defendant contesting the suit can obtain a change of venue on his own application where his co-defendant has been defaulted, it is clear that he cannot have the change at all, because his co-defendant is not in a position to join with him in the application.

The statute requiring all the parties to join in an application for a change of venue must therefore be understood, when the application is made by the defendants, as applying only to those defendants between whom and the plaintiff a cause is pending wherein a trial is to be had, and when a change of venue is awarded under such circumstances, the whole cause is removed, and final judgment must be entered against or in favor of all the defendants, as the case may be, in the court to which the cause is taken. No final judgment can be entered against the defaulted defendant unless one is obtained against his co-defendant litigating the suit, and the venue as to the former is an incident to, and necessarily goes along with, the case to the county where the trial between the contesting parties is to be had. It follows, if the defendant tendering issues has waived his right to object to the change of venue as he has in this case, he cannot insist that it was irregular as to his co-defendant, since the venue must necessarily be the same as to both, and

that of the defaulted defendant follows the cause wherever the issues are to be tried and the final judgment entered.

There are two other errors assigned which it becomes necessary to notice. One arising out of the admissions in evidence of the declarations of Swingley, and the other out of one of the instructions given to the jury on behalf of the plaintiff.

The rule in reference to admissions by one of several partners, or others having a joint interest in a particular subject, is this, that such admissions, in respect of that subject-matter, made while the partnership or joint interest existed, are evidence against the rest. 2 Starkie's Evidence, 25.

For some purposes the admissions of one copartner, after the dissolution of the copartnership, are evidence to bind the other partner, but as a general rule admissions made by one of several having had a joint or a community of interest, after such interest has ceased, are not evidence to charge the others.

In this case the employment of the plaintiff by both the defendants jointly being first established to the satisfaction of the court, the declarations made by Swingley in respect to such employment, while it continued are admissible in evidence against Hitt, but admissions made by Swingley subsequently and after the employment of the plaintiff had ceased are not admissible against him.

It has been strenuously insisted that the admissions of Swingley even to this extent are inadmissible. A moment's consideration will show that this position cannot be maintained. The evidence irrespective of any admissions proved to have been made by Swingley, shows that the defendants jointly employed the plaintiff to teach a school at a salary of $400 a year. Now supposing the plaintiff had failed to comply with his engagement, can there be any doubt that he would have been liable to both the defendants jointly for the breach of the contract, and that the damages which they could have recovered would have gone to them equally? Again suppose the tuition received from those attending the school exceeded the salary paid the plaintiff, would not the defendants equally have been the gainers thereby, and if the tuition fell short of that amount, was it not their loss? Can there be any question then, that they had a joint interest in the

employment of the plaintiff and in the school taught by him, and having such an interest the law is too well settled to require discussion, that the admissions of either party, made while such joint interest existed in reference thereto, are admissible in evidence to charge the other.

The instruction objected to, and which it is important to notice, reads as follows : " If the jury believe, from the evidence, that there was a particular sum due from the defendants to the plaintiff, by the terms of a contract between them, on the fourth day of June, 1839, then the plaintiff is entitled to interest on such sum from that time, or on whatever balance the jury shall find after deducting payments." It has been decided, at the present term, in the case of Sammis v. Clark, ante, 544, that interest in actions purely ex contractu and where there is nothing tortious in the character of the indebtedness, can only be recovered in this State in the cases specified in the statute, or where there has been an express promise to pay interest, or such a promise can be inferred from the circumstances, the particular mode of dealing adopted by the parties, or the usage of the trade in which they dealt.

That there was any express agreement in this case to pay interest, or any thing from which such an agreement could be inferred, is not pretended; nor is the instruction based upon any such hypothesis. It simply asserts that if, on a certain day, a particular sum was due from the defendants to the plaintiff, by the terms of a contract between them, then the plaintiff is entitled to interest from that day. The statute, however, does not allow interest on money after it becomes due by the terms of a contract, unless such contract is in writing, or unless the money is due on the settlement of accounts between the parties, neither of which need have been the case to entitle the plaintiff to interest according to the terms of the instruction. If any thing was shown to be due in this case, it became so by virtue of the terms of a parol contract, and upon money thus due interest does not run, unless there has been an unreasonable and vexatious delay of payment, which is not made the ground on which the plaintiff is entitled to interest by the instruction, and if it were, there is no evidence in the record to show any thing more than mere delay to make the payment, which was held, in the case of

Sammis *v.* Clark, before referred to, not sufficient of itself to authorize a recovery of interest under this clause of the statute. To make the delay both unreasonable and vexatious, the debtor must in some way have thrown obstacles in the way of the collection of the demand, or, by some circumvention or management of his own, have induced the creditor to prolong taking proceedings to collect the debt longer than he would otherwise have done.

Judgment reversed and cause remanded.

*Judgment reversed.*