THE IMPERIAL HOTEL COMPANY *et al.*

*v.*

THE H. B. CLAFLIN COMPANY.

*Opinion filed October 24, 1898.*

1. BILLS OF EXCEPTION—*when a bill of exceptions sufficiently shows identity of documentary evidence preserved therein.* The certificate of the judge to a bill of exceptions in the words, "Which was all the evidence offered in the case by either party," sufficiently shows that certain bills for goods, incorporated in the bill of exceptions with the testimony of the witness who identified them at trial, were the identical ones offered in evidence, though not separately certified.

2. SAME—*effect of apparent omission of document from bill of exceptions.* Where a bill of exceptions purports to contain all the evidence, the fact that it does not contain a document shown to have been offered in evidence does not justify the Appellate Court in holding the bill insufficient, nor is it necessary to indulge any presumptions as to whether the document was read in evidence or afterward excluded.

3. ACTIONS AND DEFENSES—*contract must be joint to authorize action ex contractu against several.* Where goods sold on credit are re-sold by the first buyer to a party who assumes the indebtedness thereon, without the knowledge or consent of the original vendor, the latter has a right of action against the second buyer, but he cannot hold the first and second buyers liable as joint debtors.

4. PLEADING—*misjoinder—failure of defendants to deny joint liability is not fatal.* No recovery can be had in an action *ex contractu* against two or more defendants, although none of them have put their joint liability in issue by plea in abatement, where the evidence shows that the contract sued upon is several.

5. INTEREST—*interest not recoverable on unliquidated account.* Interest is not recoverable upon an unliquidated account, in the absence of express or implied agreement or unreasonable delay.

6. SAME—*mere appearing and defending suit not vexatious delay.* To authorize a recovery for interest for vexatious delay the debtor must, by some contrivance of his own, have thrown such obstacles in the way of collection as induced the court to withhold proceedings against him longer than it would otherwise have done.

*Imperial Hotel Co.* v. *Claflin Co.* 55 Ill. App. 337, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EDWARD S. ELLIOTT, and DEFREES, BRACE & RITTER, for plaintiffs in error:

If it affirmatively appears from the plaintiff's testimony that one of the defendants is not liable on the contract sued on, or if such fact is established by the defendant's evidence, no recovery can be had. *Rosenberg* v. *Barrett*, 2 Ill. App. 386; *Garland* v. *Peeney*, 1 id. 108; *Davison* v. *Hill*, id. 70.

To constitute a novation it is necessary that there should be an express assent of all parties, an express promise and acceptance between the new parties, and an entire relinquishment of all claim or responsibility to the original creditor. 1 Wait's Actions and Defenses, 81.

In the absence of a contract for interest none can be recovered, except in the cases specially provided for by the statute. Starr & Curtis' Stat. chap. 74, sec. 2; *Aldrich* v. *Dunham*, 16 Ill. 403.

The mere fact of appearing and defending the suit is not sufficient to authorize the recovery of interest from the commencement of suit. To appear and defend a suit is a right which cannot be construed into "unreasonable and vexatious delay of payment" without impairing the right itself. *Aldrich* v. *Dunham*, 16 Ill. 403.

JAMES A. FULLENWIDER, for defendant in error:

Where the bill of exceptions does not purport to contain all the evidence, it will be presumed that sufficient evidence was heard to warrant the verdict and judgment. *Ryan* v. *Sanford*, 133 Ill. 291.

Plaintiffs in error are both liable to the defendant in error for the same cause of action, viz., the price of the goods sold, and are therefore jointly liable. *Knott* v. *Railway Co.* 84 Iowa, 453; *Floyd* v. *Patterson*, 10 S. W. Rep. 526; *Hardy* v. *Blazer*, 29 Ind. 226.

The cases cited in the brief of plaintiffs in error apply only where one of the parties sued can show he is not liable at all, in any manner, for the debt sued upon. But

if both are liable individually they are estopped from denying the liability is joint, where there is no plea denying the joint liability. *Huntington* v. *Chambers*, 15 Ill. App. 426; *Bensley* v. *Brockway*, 27 id. 413; *Forsythe* v. *Doolittle*, 120 U. S. 73.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a writ of error brought to reverse the judgment of the Appellate Court for the First District, affirming a judgment of the superior court of Cook county, rendered against plaintiffs in error, as joint debtors, for $26,487.35, in favor of the defendant in error.

The ground of reversal urged in the Appellate Court was, that the superior court erred in holding that the plaintiffs in error were joint debtors and jointly liable, and in allowing interest on the accounts sued on. In the trial court there was no plea denying the joint liability, but it was insisted the evidence showed there was no joint liability. The Appellate Court refused to consider the evidence because of the insufficiency of the bill of exceptions, and incorporated the following finding in the judgment of affirmance: "The court finds that the bill of exceptions contained in the record is imperfect and incomplete, in that the seventy bills or invoices, numbered from 1 to 70, inclusive, contained in said bill of exceptions, are not sufficiently identified thereby as being the same bills or invoices offered in evidence, in that said bill of exceptions shows that the charter of A. C. Mills & Co., one of the defendants, was offered in evidence, and said charter is not set out in said bill of exceptions; thereupon the court is bound to presume that there was sufficient evidence to sustain the judgment of the superior court, and thereupon the court declines to consider any and all the errors assigned." Plaintiffs in error have assigned for error these findings of the Appellate Court, and now insist in this court that the cause should be re-

manded to the Appellate Court, with directions to that court to consider the cause on its merits.

The bills numbered 1 to 70, both inclusive, of the H. B. Claflin Company, made out against the Imperial Hotel Company of Chicago, were not separately certified to as being the identical bills offered in evidence. They appear in the bill of exceptions in connection with the testimony of the witness who identified and described them, and by the bill of exceptions appear to have been admitted in evidence by the court. At the close of all the evidence and proceedings the certificate of the judge to the bill of exceptions contained these words: "Which was all the evidence offered in this case by either party." The trial court certifying that the bill of exceptions contained all the evidence offered by either party, and there being incorporated in that bill of exceptions, over this certificate of the trial court, these seventy bills, it sufficiently appears that they are the identical ones offered in evidence.

It appears from the record that the charter of the defendant A. C. Mills & Co., a corporation, was given in evidence, but it is omitted from the bill of exceptions. Whether that charter remained in evidence on the trial in the case or was stricken from the record is not to be presumed. It is not incorporated in the bill of exceptions, but the certificate to the bill of exceptions is that it contained all the evidence, and it is unnecessary to make any presumption with reference to the charter as to whether it was read in evidence or not. No prejudice against the plaintiffs in error or benefit to the defendant in error, or prejudice to it, results from its omission from the bill of exceptions, as all the evidence in the record, as appears by the bill of exceptions, is incorporated therein.

We might well remand this case to the Appellate Court with directions to that court to consider the cause on the merits, but as but two questions are presented, and they questions of law, we will enter judgment on this record in this court.

It appears that in December, 1892, the Imperial Hotel Company, one of the plaintiffs in error, was engaged in furnishing the Windermere Hotel in the city of Chicago, and purchased furniture, etc., from the defendant in error. These purchases were continued until April 20, 1893, and the articles so purchased were delivered by the defendant in error to the Imperial Hotel Company. On May 6, 1893, A. C. Mills & Co., a corporation, one of the plaintiffs in error, was incorporated, and about May 22 of the same year took possession of the Windermere Hotel and its furniture therein, and entered into a contract with the Imperial Hotel Company, by which it was to pay the H. B. Claflin Company indebtedness. The latter company was not a party to this contract and had no knowledge or notice of the same at the time it was made. The H. B. Claflin Company brought this suit to recover against both the Imperial Hotel Company and A. C. Mills & Co. as joint defendants, and filed a declaration containing only the common counts. Each of the defendants filed pleas of general issue, verified by affidavit of merit.

The judgment rendered against both defendants for the full amount of plaintiff's demand, including interest, cannot be sustained. The evidence shows a contract existed between the H. B. Claflin Company and the Imperial Hotel Company, and a cause of action existed in favor of the H. B. Claflin Company against the latter company. By the assumption of this indebtedness by A. C. Mills & Co., a corporation, for a valuable consideration, as shown by the contract, a relation was created in favor of the H. B. Claflin Company that would have authorized it to recover against A. C. Mills & Co. No liability existed in favor of the H. B. Claflin Company against both these defendants as joint debtors. In an action *ex contractu* against several it must appear that their contract was joint, and that fact must be averred by the pleadings and shown by the proof on the trial, otherwise no recovery can be had; and this is the rule where the evidence

shows the contract is several, although none of the parties have put their joint liability in issue by a plea in abatement or plea in bar verified by affidavit. *Supreme Lodge A. O. U. W.* v. *Zuhlke*, 129 Ill. 298.

It was error, also, to include interest on the plaintiff's claim, it being an unliquidated account, and no express or implied contract to pay interest appearing from the evidence. By the statute interest may be recovered on money due, on settlement of accounts, from the date of liquidating accounts between the parties and ascertaining the balance, or for money withheld by an unreasonable and vexatious delay of payment. It is not shown that there was a settlement of accounts between these parties and an ascertainment of a balance, nor does it appear that the delay of payment was unreasonable and vexatious. The mere fact of appearing and defending a suit is not sufficient, because that is a right which can not be construed into unreasonable or vexatious delay of payment. (*Hitt* v. *Allen*, 13 Ill. 592; *Aldrich* v. *Dunham*, 16 id. 403; *Sammis* v. *Clark*, 13 id. 544.) To create an unreasonable and vexatious delay in payment, within the meaning of the statute, there must be something more than mere delay of payment. To authorize a recovery for interest the debtor must in some way throw obstacles in the way of collection, by some circumvention, contrivance or management of his own, which induces the court to withhold proceedings against him longer than it would otherwise have done.

The judgments of the Appellate Court for the First District and of the superior court of Cook county are each reversed and the cause remanded to the superior court of Cook county.          *Reversed and remanded.*