(No. 22495.—)

ISABELLE W. SHUMWAY, Plaintiff in Error, *vs.* HIRAM M. SHUMWAY *et al.* Defendants in Error.

*Opinion filed October 19, 1934.*

DRYER & BROWN, and OMER POOS, for plaintiff in error.

LEAL W. REESE, HAROLD S. WILLIAMS, JOHN E. HOGAN, and D. W. JOHNSTON, for defendants in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

A judgment by confession was entered in the circuit court of Christian county in vacation during the November term, 1929, in favor of Isabelle W. Shumway, against Hiram M. Shumway and Dorice D. Shumway, individually, in the sum of $12,238.52, on five promissory notes. The notes were signed, "D. D. Shumway Estate by Dorice D. Shumway, Ex.; by Hiram M. Shumway, Ex." Thereafter the judgment was opened and defendants were given leave to plead to the merits, the judgment to stand as security. The averments of the declaration were against defendants as individuals. A general and special demurrer to the declaration was filed by Hiram M. Shumway and withdrawn. After oyer of the notes was craved and allowed the demurrer was re-filed. It was sustained and judgment in favor of the defendants was entered. Upon an appeal to the Appellate Court for the Third District it was held that the abstract of record was not complete and did not comply with rule 4 of that court. For that reason the judgment of the trial court was affirmed. The cause is in this court on *certiorari*.

The main controversy between the parties relates to whether or not the notes disclose any individual, personal liability on the part of the signers. Another question presented to the trial court and the Appellate Court was whether or not the sustaining of the demurrer was erro-

neous. Plaintiff argues that it is not responsive to the leave granted to plead to the merits. On the other hand, it is claimed that it raised the question of variance between the declaration and the notes and the question of individual liability. The Appellate Court did not pass upon any of those questions. It affirmed the judgment of the trial court solely on the ground that the abstract was not sufficient. We are therefore limited to the consideration of the correctness of that ruling. No one of the other questions is before us. *Central Illinois Public Service Co.* v. *City of Sullivan,* 294 Ill. 101; *Berry* v. *Turner,* 279 id. 338.

Rule 4 of the Appellate Court provides "that in all cases the party bringing a cause into this court shall furnish a complete abstract of the record therein, referring to the appropriate pages of the record by numerals on the margin." That court said it could not intelligently review the action of the trial court because the abstract did not set forth the general and special demurrer nor a copy of the notes and the signatures and endorsements thereon.

Portions of the abstract must have been overlooked by the Appellate Court. On pages 3, 4 and 5 of the abstract the contents of the notes appear, with warrant of attorney, in sufficient detail to disclose all their material parts. The first note is set out very fully. Some of it, including the signatures and endorsements, is quoted *in hæc verba*. Each of the other notes is set out separately by a statement that it is identical with the first note except in the particulars stated in each case. There is a marginal reference to pages 7, 8 and 9 of the transcript. The demurrer, with appropriate marginal abstract paging, is abstracted on pages 7 and 8, as follows:

"(1) The notes sued on are set forth and are identical with the copies of the same appearing at pages 7, 8 and 9 of transcript, except the endorsements are omitted from the instruments as set forth with said demurrer; (2) general demurrer; (3) the instruments declared upon in the

declaration; (4) the declaration declares upon promissory notes, and no copies of the same are attached to the declaration, which were signed, or purported to be signed, by Hiram M. Shumway, together with Dorice D. Shumway; (5) there is a difference between the notes declared on and the notes as read to defendant after oyer granted; (6) the writings read to defendant after oyer craved disclose that the debt due to the plaintiff, if any, is that of some other than Hiram M. Shumway; (7) declaration alleges that Dorice D. and Hiram M. Shumway promised to pay the plaintiff the sums respectively due; that the promissory notes, made a part of the pleadings by oyer craved, disclose that said defendants, by the name, style and description of Dorice D. Shumway and Hiram M. Shumway, did not promise to pay anything."

The general rule that a copy of a note attached to a declaration is no part of the record has an exception. Where a judgment by confession is entered in vacation and the proper papers are filed they become a part of the record without being embodied in a bill of exceptions. (*Giddings* v. *Williams,* 336 Ill. 482; *Waterman* v. *Caton,* 55 id. 94.) The necessary papers are a declaration, the note with warrant of attorney, proof of its execution, and a plea of confession. (*Roundy* v. *Hunt,* 24 Ill. 598.) The notes were a part of the record before oyer craved. They were abstracted in the proper place and it was unnecessary to set them out again elsewhere.

In abstracting the demurrer the first two numbered grounds patently refer to the general demurrer. The form and contents of general demurrers, the general issue and the ordinary replications are so well established in common law practice that it has never been considered necessary to abstract them any fuller than to indicate they were filed, unless it is desired to question their sufficiency. The remaining grounds as numbered refer to the special grounds of demurrer. It is admitted that the ground numbered 3,

481 at top right

through an inadvertent omission, is defective. The rule is, that an abstract must be sufficiently full to enable a court of review to determine therefrom whether or not the errors assigned are well taken. When this is not done the court will not explore the record to find matters to support the assignments. (*Glassman* v. *Lescht,* 318 Ill. 128.) Ground 3 as abstracted presents nothing as to the third paragraph of the demurrer, and the court could give the errors assigned no consideration as to that paragraph. Each of the other grounds of demurrer as abstracted is a concise, sufficient statement of the ground set out in the corresponding paragraph of the transcript. The only result of defectively abstracting the third ground is to deprive plaintiff of the benefit of having it considered in connection with the assignments of error. The abstract was sufficient within the rule and it was error to hold otherwise.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to consider the cause upon the errors properly assigned.

*Reversed and remanded, with directions.*