(No. 23788.—)

ROBERT C. HOOPER *et al.* Appellants, *vs.* NORMAN FOX, Appellee.

*Opinion filed December 10, 1936.*

EDWIN HAMILTON, for appellants.

Mr. JUSTICE ORR delivered the opinion of the court:

In a partition suit filed by Robert C. Hooper and James H. Hooper against Ernest Victorson and Norman Fox in the superior court of Cook county, Fox, one of the defendants and the present appellee, moved to strike the complaint because the issues involved had been disposed of in a previous proceeding, entitled *Victorson* v. *Sundberg.* The court granted the motion and the complaint was dismissed. The present appeal followed.

Only one error has been assigned—*i. e.,* that the court erred in granting the motion to dismiss and that the case should have proceeded by compelling the defendant to answer.

The brief of appellants consists of only one sentence, stating that "a motion to strike the complaint acts as a demurrer and admits the truth of the allegations of the complaint." No brief was filed by appellee. The abstract of only two pages fails to contain any such reference to the former suit as would enable this or any other court to pass judgment upon either the merits or the pleadings. Rule 38 requires a complete abstract of the record, and we have held that we will not search the record for errors not disclosed by the abstract. (*Shumway* v. *Shumway,* 357 Ill. 477; *Illinois Central Railroad Co.* v. *Seitz,* 214 id. 350.) Rule 39 provides that the pleadings shall be sufficiently set forth to show what the issues are and to present all questions subject to review. It also provides that the statement of the case shall be followed by propositions of law and the authorities relied upon in their support. We here find no authorities cited in the brief to support the contentions of appellants and an abstract which is of no assistance to the court in determining the issues. If questions involved in a case are of sufficient importance to justify this court in deciding them they are worthy of the careful consideration of counsel presenting them. As we said in *Kelley* v. *Kelley,* 317 Ill. 104: "It is the duty of attorneys practicing in this court to present to the court the authorities supporting their views and to assist the court in reaching a correct conclusion."

For lack of a sufficient brief and abstract the judgment is affirmed.

*Judgment affirmed.*