**Firemen's Insurance Company of Newark, New Jersey, Plaintiff Below, v. Dee Newell et al., Defendants Below, Dee Newell, and Sam Lazarus, Appellees. On Appeal of Marek Kraus, Individually and as Trustee, and Security Finance Corporation, Appellants.**

**Gen. No. 46,795.**

First District, Second Division.

May 29, 1956.

Released for publication June 19, 1956.

Love & Love, of Chicago, for defendants-appellants and appellants; Ward H. Harris and Wenzel J. Love, both of Chicago, of counsel.

Lyle, Havey & Gager, of Chicago, for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

An interpleader suit was filed by the Firemen's Insurance Company of Newark, New Jersey, to enable the court to determine who was entitled to $8,107.94 which the company admitted it owed under a policy of fire insurance. The court in its decree found in favor of defendants Dee Newell and Sam Lazarus and entered judgment against defendants Louis Seiden, Marek Kraus, as trustee, and Security Finance Corporation, jointly and severally, in the sum of $1,689.70, which included $550 for interest at the rate of five per cent on the sum of $8,107.94 which had been deposited with the court by its order of December 8, 1953, from the date of deposit to the date of judgment, as well as costs in the sum of $1,139.70.

Defendants Seiden, Kraus and the Security Finance Corporation filed notice of appeal. After the appeal was filed in this court Seiden withdrew from the appeal. The only objection urged in this court by Kraus and the Security Finance Corporation is to the allowance of interest and costs against them.

The bill of interpleader was filed against defendants Dee Newell, Sam Lazarus, Polish Roman Catholic Union of America, Faustina Gardner, Louis Seiden, Marek Kraus, individually and as trustee, and Security

Finance Corporation. Newell, Lazarus, Seiden, Kraus and the Security Finance Corporation filed answers to the bill of interpleader. Newell filed a counterclaim. Gardner was defaulted for want of an answer, and subsequently she was permitted by leave of court to file an answer to Newell's counterclaim and also to file a counterclaim, which at the time of the hearing she indicated she had not authorized and which she did not pursue. Seiden filed an answer to Newell's counterclaim. The claim of Seiden, Kraus and the Security Finance Corporation against the insurance fund was predicated upon Gardner's right, if any, to the fund.

The case was referred to a master in chancery, and after a protracted series of hearings he found that on September 1, 1953 a loss by fire occurred at the premises located at 2425 West Jackson boulevard, Chicago, which was adjusted in the amount of $8,107.94, the amount at issue in the suit; that at the time of the fire Dee Newell was the fee simple owner of the premises and Faustina Gardner had no title then nor at the time of the recording of the mortgage on the property under which Kraus and the Security Finance Corporation claimed; that Gardner admitted that she had no right, title or interest in the premises, and made no claim to the proceeds of the insurance money; that the claim of Kraus and the Security Finance Corporation based upon their dealings with Gardner had no merit and they had no claim to the insurance proceeds; that Louis Seiden's claim was based on the fact that he was engaged after the fire by Gardner to make certain repairs on the premises which he claimed to have made; that since Gardner at the time of the fire had no right, title or interest in the premises his claim would be against her individually and not against the proceeds of the insurance; that Sam Lazarus had been engaged by Dee Newell to adjust the fire loss and that by reason of such contract he is entitled to $810.79; that the Polish Roman Catholic Union of America

374

claims no interest in the fund; that the necessity of the interpleader suit was caused by garnishment and other litigation initiated against the insurance company by Seiden, Kraus and the Security Finance Corporation. The master recommended that the costs of the proceedings should be assessed against Seiden, Kraus and the Security Finance Corporation jointly and severally, together with interest at five per cent on the fund deposited with the clerk of the court.

The objections filed to the report were overruled by the master, and standing as exceptions were also overruled by the court, which entered a decree in accordance with the report. The court found that the master's fees amounted to $1,139.70, that interest on the fund deposited at five per cent from December 8, 1953 to the date of the judgment was $550, and entered judgment against Louis Seiden, Marek Kraus, as trustee, and the Security Finance Corporation, jointly and severally, in the sum of $1,689.70 together with interest.

Kraus and the Security Finance Corporation make no objection to the validity of the findings and only object to the judgment against them for costs and interest.

 It is provided by the Illinois statute that the assessment of costs in a court of equity, where no provision otherwise is made by law, shall be in the discretion of the court (Ill. Rev. Stat. chap. 33, par. 18), and it has been consistently held that the award of costs rests in the discretion of the court (Fleming v. Dillon, 370 Ill. 325; Hill v. Alber, 261 Ill. 124). It is true that such discretion is reviewable and the finding of the trial court may be reversed if the discretion resting in him has in the opinion of the reviewing court been abused. Cahill v. Cahill, 402 Ill. 416. Here the defendant-appellants have not seen fit to incorporate in their abstract any of the evidence introduced and upon which the master based his recommendation with reference to the assessment of costs. A reviewing court

will not search the record for the purpose of finding a cause for reversal. People ex rel. Rose v. Craig, 404 Ill. 505; Shumway v. Shumway, 357 Ill. 477; Raymond Drainage Dist. v. City Nat. Bank of Kankakee, 344 Ill. 186. The defendant-appellants could only succeed in their claim if they established an interest of Faustina Gardner in the insurance fund. Whatever alleged claim they had vanished into thin air unless such interest was established. It is to be noted that Gardner failed to file an answer to the original bill of interpleader; that she claimed no title to the property nor made any claim to the insurance fund before the master; that she practically repudiated the filing of the cross-bill filed in her behalf, together with the answer filed to the cross-bill of Newell. Consequently the prolonging of the litigation could be said to rest squarely on the shoulders of Kraus, Security Finance Corporation and Seiden. Under those circumstances we find that the court did not abuse its discretion in taxing all of the costs against these three defendants; however, there was no justification for the entry of a joint and several judgment against them for the costs. Kraus and the Security Finance Corporation filed a joint answer, while Seiden filed a separate answer, to the complaint in the interpleader suit. Even if it was found that the relationship existing between Kraus and the Security Finance Corporation made their claim joint, it could not possibly be said that the claim of Seiden was anything but a separate and distinct claim. Seiden in no way based his claim upon any relationship with Kraus or the Security Finance Corporation. The costs should have been apportioned equally among the three defendants and the entry of a joint and several judgment against them for costs was improper and inequitable.

Interest is allowed in suits in chancery where warranted by equitable considerations. Here interest was awarded to the appellees on the theory that the

defendant-appellants caused an unreasonable or vexatious delay of payment. The principle governing the award of interest differs from the rule governing the discretion of the court in apportionment and assessment of costs. It has been held that in order to have an unreasonable and vexatious delay which would authorize a court of chancery to award interest there must be something more than a mere delay of payment, and that the mere fact of appearing and defending a suit is not considered such delay. There must be some contrivance on the part of the litigant causing the delay which comes very close to actual fraud. McKey v. McCoid, 298 Ill. 566; Lewis v. West Side Trust & Savings Bank, 376 Ill. 23, 46; Imperial Hotel Co. v. H. B. Claflin Co., 175 Ill. 119, 124. In the case before us we do not find conditions of such a character as would justify an award of interest; nor, while the conduct of the defendant-appellants prolonged the litigation, can we say that except for their claim the plaintiff would not have filed a bill of interpleader. Interest should be disallowed.

In the brief of the defendant-appellants Kraus and the Security Finance Corporation it is pointed out that after the appeal had been filed in this court Louis Seiden withdrew as appellant, and subsequently Kraus and the Security Finance Corporation filed a motion supported by an affidavit asking us to construe a document attached thereto, which was entered into between Louis Seiden and Dee Newell, to be a release of all obligations owing by the defendant-appellants Kraus and the Security Finance Corporation to Newell. Counter-suggestions were filed thereto, and we took the motion with the case. Under the view of the case which we have expressed the motion becomes moot and is denied.

The amount of the judgment incorporated in the decree should be reduced by the sum of $550, which was the interest allowed. The decree of the Superior Court

of Cook county is affirmed except as to the judgment entered against defendant-appellants in the amount of $1,689.70. This portion of the decree is reversed and the cause is remanded with directions to enter a separate judgment in the sum of $379.90 against each of the three defendants—the Security Finance Corporation, Marek Kraus, as trustee, and Louis Seiden. Costs of this appeal shall be borne one-third by appellees and two-thirds by appellants.

Affirmed in part; reversed in part and remanded with directions.

ROBSON and SCHWARTZ, JJ., concur.