BISE'S SUPERMARKET, INC., Plaintiff-Appellant, v. VALLEY FORGE. INSURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 76-6

Opinion filed May 13, 1977.

Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis (Rex Carr, of counsel), for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Bernard H. Bertrand, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Bise's Supermarket, Inc., plaintiff-appellant, was the owner of a grocery store in East St. Louis which caught fire and was partially burned on April 2, 1972. Plaintiff-appellant (hereinafter referred to as "Bise"), was insured by defendant-appellee Valley Forge Insurance Company (hereinafter referred to as "Valley Forge"). That insurance provided protection against fire which covered the building, its contents, inventory loss and loss due to business interruption.

Bise appeals from a judgment entered by the circuit court of St. Clair County upon a jury verdict of $42,080.05. This judgment included damages for business interruption for a period of 16 weeks. Bise argues that it is entitled to $68,729.09 which would include damages for business interruption for a period of 25 weeks. Three issues are presented by Bise for review in this appeal, to-wit: Did the trial court err in refusing plaintiff's motion for directed verdict for $68,729.09? Did the defendant

engage in improper closing argument which requires a new trial be granted to the plaintiff? Should plaintiff have been awarded statutory interest on the business interruption loss for the period following defendant's submission of the proof of loss to plaintiff under section 2 of the Interest Act (Ill. Rev. Stat., ch. 74, par. 2)?

■■ We shall consider the issues as presented by Bise. First, did the trial court err in refusing plaintiff's motion for directed verdict? In the leading case on the question, *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, the Illinois Supreme Court reviewed thoroughly the question of when it is appropriate for the trial court to direct a verdict or grant a judgment *n.o.v.* The court said in conclusion at page 510:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The factual question which Bise would have the trial court take from the jury's consideration and determination is the duration of the business loss period. Was it 16 weeks or 25 weeks? There was testimony that Bise had decided not to go back into business, that Bise had given up, or that Bise had lost its lease on the building, and also that Bise could have been back in business within 16 weeks if it had so desired. As the court said in *Roedl v. Lane,* 41 Ill. App. 3d 1062, 1065, 355 N.E.2d 354, 356:

> "In making this determination [of whether or not to grant the directed verdict or judgment *n.o.v.*], the trial court may not substitute its judgment for that of the jury as to the credibility of witnesses nor may the court determine the preponderance of the evidence. (*Prange v. Wallenburg,* (1st Dist. 1975), 27 Ill. App. 3d 618, 327 N.E.2d 450.)"

See also *Dollison v. Chicago, Rock Island & Pacific R.R. Co.,* 42 Ill. App. 3d 267, 355 N.E.2d 588; *Genteman v. Saunders Archery Co.,* 42 Ill. App. 3d 294, 355 N.E.2d 647; *Schaecher v. Reinwein,* 41 Ill. App. 3d 1055, 355 N.E.2d 351.

■■ In the present case there was a question of fact, and the trial court properly did not remove it from the jury.

■■ The second issue raised by Bise is whether Valley Forge engaged in improper argument at closing which was so prejudicial as to require that a new trial be granted to Bise. The insurance company argued at closing that Bise could have gotten back into business sooner by purchasing inventory on credit rather than waiting for the insurance company to make its final settlement. The rule to be applied by the trial court was restated in *Enloe v. Kirkwood,* 120 Ill. App. 2d 117, 256 N.E.2d

459, a traffic accident case involving a $150,000 verdict, the court said at page 123:

> "The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in *Belfield v. Coop*, 8 Ill 2d 293, 134 NE2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. *North Chicago St. R. Co. v. Cotton*, 140 Ill 486, 29 NE 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. *City of Chicago v. Chicago Title & Trust Co.*, 331 Ill 322, 163 NE 17."

■■ Under the circumstances of this case, we cannot say that the trial court has abused its discretion.

■■ The final issue before the court is whether the trial court properly refused to award Bise prejudgment interest from the date the insurance company presented Bise with a proof of loss form on August 10, 1972. Bise argues that prejudgment interest should have been awarded to it in this case even though its insurance policy with Valley Forge does not provide for payment of interest. In *Hamilton v. American Gage & Machine Corp.*, 35 Ill. App. 3d 845, 342 N.E.2d 758, the court said at page 852:

> "Absent an express agreement between the parties, allowance of interest depends upon statutory authority. (See *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518, 522, 202 N.E.2d 512.)"

Bise contends generally that it is entitled to interest under section 2 of the Interest Act (Ill. Rev. Stat., ch. 74, par. 2).

The Court discussed this statute in *John Kubinski & Sons v. Dockside Development Corp.*, 33 Ill. App. 3d 1015, 339 N.E.2d 529. In the *Kubinski* case which arose from a construction contract, the court said at page 1023:

> "The statute (Ill. Rev. Stat. 1971, ch. 74, §2) provides, in part, as follows:
>
>> 'Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; * * * and on money withheld by an unreasonable and vexatious delay of payment.'
>
> As can be seen, the right to recover interest on a written

instrument is separate from and independent of the right to recover interest on money withheld by an unreasonable and vexatious delay of payment. In other words, to recover interest for money due on a written instrument, the creditor need not prove that payment was delayed unreasonably and vexatiously. The fact that the parties could reasonably differ as to the defendant's liability is not a consideration so far as the statute is concerned. (*Martin v. Orvis Brothers & Co.,* 25 Ill. App. 3d 238, 251, 323 N.E.2d 73.) The creditor must, however, prove that the money due was a liquidated amount or subject to easy computation. *Kansas Quality Construction, Inc. v. Chiasson,* 112 Ill. App. 2d 277, 287-288, 250 N.E.2d 785; *United States ex. rel. Thorlief Larson & Son, Inc. v. B.R. Abbot Construction Co.* (7th Cir. 1972), 466 F.2d 712, 714; *Penn. Central Co. v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (7th Cir. 1970, 433 F.2d 943, 944."

Usually, the insurance contract itself states when proceeds are due. Typical language provides that the amount of a loss for which the company may be liable will be payable thirty or sixty days after proof of loss is received by the company and ascertainment of the loss is made. In both *Jay-Bee Realty Corp. v. Agricultural Insurance Co.,* 320 Ill. App. 310, 50 N.E.2d 973, and *Peoria Marine & Fire Insurance Co. v. Lewis* (1857), 18 Ill. 553, the interest was awarded under the statute after the court noted that the policies stated when payment would be due, and the companies did not pay when required by their own policies.

■■ However, in the case before us, the Bise policy did not state when proceeds would be due. In the absence of this express contractual language of when payment is to be made, Bise can only recover under this section of the statute if it can show that the money due was a liquidated amount or subject to easy computation as stated in *Kubinski.* Although liability was not questioned or contested by Valley Forge, the amount due quite clearly was controverted. Therefore, Bise was not entitled to prejudgment interest under the first section of the statute.

In *Hamilton v. American Gage & Machine Corp.,* Hamilton had orally contracted with American Gage to work as a "finder" for it so that it could find an appropriate merger partner. American Gage admitted that it owed some money to Hamilton, but denied the sum Hamilton claimed under the oral contract. In that case, as in this one, the plaintiff could not rely upon the first section of section 2 of the Interest Act (Ill. Rev. Stat. 1971, ch. 74, par. 2), both because there was no express agreement on prejudgment interest as is Bise's case, and because there was no "instrument."

■■ In denying Hamilton prejudgment interest under the last section

of the statute, dealing with unreasonable and vexatious delay, the court in *Hamilton* said at pages 853-854:

"The remaining statutory phrase pertains to 'money withheld by an unreasonable and vexatious delay of payment.' It is clear from this record that the parties never agreed upon the amount due plaintiff. * * * (T)he amount due was never known or agreed upon until fixed by the trial court. As shown, the only contention of defendants in this court is directed to the amount of recovery. It has been repeatedly held that mere filing of an appearance and conducting a defense in a piece of litigation does not constitute the statutory delay. The courts have even held that, where payment is delayed as a result of litigation, plaintiff must establish conduct by a litigant 'which approximates actual fraud' to come within this statutory language. (*Kespohl v. Northern Trust Co.*, 131 Ill. App. 2d 188, 191, 266 N.E.2d 371 and cases there cited.) The language used by this court in *Kespohl* is well repeated here:

'It has been consistently held that in order to collect interest on a theory of unreasonable and vexatious delay, the evidence must show that the debtor had thrown obstacles in the way of collection or by some circumvention or management of his own had induced the creditor to delay taking proceedings to collect the debt longer than he would have otherwise done. (*Hitt v. Allen*, 13 Ill. 592; *Whitemore v. People*, 227 Ill. 453, 81 N.E. 427; *Woodruff v. City of Chicago*, 394 Ill. 542, 69 N.E.2d 287.) Merely filing an appearance and conducting a defense to a lawsuit however does not constitute such delay. (*Lewis v. West Side Trust & Sav. Bk.*, 376 Ill. 23, 32 N.E.2d 907; *Hillmer v. Chicago Bk. of Commerce*, 349 Ill. App. 510, 111 N.E.2d 194.)'

* * *

In essence the determination of the existence of 'unreasonable and vexatious delay of payment' is an issue of fact."

■■ The trial court properly concluded that prejudgment interest is not appropriate under the facts of this case. Bise could not or did not show an express agreement as to when payment would be due, that the amount in question was liquidated or subject to swift computation, or that the defendant Valley Forge was guilty of unreasonable or vexatious delay.

We find that Bise's appeal is without merit with regard to all three issues, and for that reason affirm the judgment.

Affirmed.

CARTER, P. J., and KARNS, J., concur.