WILLIAM METZGER *et al.*

*v.*

ALEXANDER WOOLDRIDGE.

*Opinion filed December 18, 1899.*

APPEALS AND ERRORS—*appeal will not lie unless there is a final judg-
ment.* An appeal will be dismissed, on motion, for want of a final
judgment, where the only thing appearing in the transcript of the
record respecting the judgment is an entry showing the overruling
of a motion for new trial, "judgment on the verdict" for a certain
sum, and the allowance of an appeal. (*Martin* v. *Barnhardt*, 39 Ill. 9,
distinguished.)

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit
Court of DeWitt county; the Hon. W. G. COCHRANE, Judge,
presiding.

A. E. DEMANGE, and J. E. HOFFMAN, for appellants:

The rendition of a judgment is a judicial act. Its en-
try upon the record is purely clerical. A judgment is
not what is written in the record, but is the conclusion
reached by the court. That which the clerk writes in
the record may not express the judgment rendered by
the court. The true judgment exists the same as if it
was accurately written in the record. Freeman on Judg-
ments, (3d ed.) sec. 38, p. 26; sec. 40, p. 27.

It is the duty of the clerk to record a judgment before
the final adjournment of the term at which it is rendered,
or as soon thereafter as practicable. 1 Starr & Cur. Stat.
sec. 14, p. 889.

An order of court providing that an appeal may be
perfected within a specified time after judgment, com-
mences to run from the time it is rendered. Freeman on
Judgments, (3d ed.) sec. 40, p. 28; 2 Ency. of Pl. & Pr. 249.

If a judgment has been rendered by the trial court and
defectively recorded by the clerk, upon appeal the judg-
ment will be reversed. *Storing* v. *Onley,* 44 Ill. 123; *Gage*

v. *People*, 163 id. 41; *McNulta* v. *Ensch*, 134 id. 56; *Martin* v. *Barnhardt*, 39 id. 13; *Faulk* v. *Kellums*, 54 id. 188; *Wallace* v. *People*, 159 id. 454; *Meyer* v. *Teutopolis*, 131 id. 552; *Harris* v. *People*, 130 id. 464; *McChesney* v. *People*, 171 id. 270.

Clerical errors or mistakes in the entry of a judgment rendered by the court may be corrected in a court of appeals and the trial court ordered to make correction of its records. *Benefit Ass.* v. *Baldwin*, 49 Ill. App. 215; *Pekin* v. *McMahon*, 53 id. 197; 154 Ill. 156.

The Appellate Court cannot dismiss an appeal without cause, and the reasons for such dismissal should be stated in the order of dismissal. The order or judgment of dismissal cannot refer to the opinion of the Appellate Court. The opinion is no part of the record. *Moore* v. *Williams*, 132 Ill. 591.

MOORE & WARNER, for appellee:

There was no valid judgment entered in this cause by the circuit court from which an appeal could be taken. *Alton Lime Co.* v. *Calvery*, 41 Ill. App. 597; *Fitzsimmons* v. *Munch*, 74 id. 259; *Arnold* v. *Kilchman*, 76 id. 665; *Faulk* v. *Kellums*, 54 Ill. 191; 2 Starr & Cur. chap. 110, sec. 68.

In order to perfect an appeal it is necessary to show the prayer for it, and the order of the court granting it, by a bill of exceptions; and a recital of the clerk of the circuit court, in making up the record of that court, that an appeal had been prayed by appellants and allowed them, is insufficient and no part of the record. The bill of exceptions fails to show that an appeal was either prayed or allowed. *Ward* v. *Ware*, 29 Ill. App. 22; *Daniels* v. *Shields*, 38 Ill. 197; *Sanitary District* v. *Cook*, 51 Ill. App. 424; *Gill* v. *People*, 42 Ill. 323; *Nason* v. *Letz*, 73 id. 374.

The bill of exceptions must set out a judgment of the circuit court and show that it was properly excepted to at the time it was announced. The bill of exceptions in this record does not show there was any exception by the appellants to any judgment, but only to the order of

the court denying the motion for a new trial. Not even this is shown by the abstract. *Sanitary District* v. *Cook*, 51 Ill. App. 424; *Oehler* v. *Schroeder*, 46 id. 204; *Lusk* v. *Parsons*, 39 id. 381; *Martin* v. *Foulke*, 114 Ill. 206; *Graham* v. *People*, 115 id. 566; *Gould* v. *Howe*, 127 id. 251.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an action of assumpsit by appellee, against appellants, in the circuit court of DeWitt county. Upon a trial by jury a verdict was returned in favor of the plaintiff for $1521.09. A motion for a new trial by the defendants was overruled. The only entry of judgment shown by the transcript of the record is: "And the court having heard the motion, court overruled same, and judgment on the verdict for $1521.09. And now comes the defendant and prays an appeal; an appeal allowed on his giving bond in the sum of $3000 in twenty days, to be approved by the clerk by agreement, and bill of exceptions to be filed in one hundred and twenty days." A transcript of the record was filed in the Appellate Court, upon which the only errors assigned, questioning the entry of a judgment, were the following: "There is nothing in the record which shows a judgment of the court;" and, "The court erred in overruling the motion for new trial and then failing to act by rendering judgment either for plaintiff or defendant." The plaintiff appeared in that court and entered his motion to dismiss the appeal because there was no final judgment, and suggestions were filed in support of that motion, the appellants filing counter-suggestions, in which it was insisted that the entry of the judgment below was only defective, and that it should for that reason be reversed. The Appellate Court, however, sustained the motion and dismissed the appeal, to reverse which order this appeal is prosecuted.

The only question raised here by the assignment of errors is whether the appeal was properly dismissed in

the Appellate Court. The argument of counsel on behalf of the appellants on that question is based upon the assumption that a judgment was entered in the circuit court but that it was defectively written up by the clerk, and they contend that it is not true that no judgment was rendered, as shown by the record. That the entry is in no sense a proper judgment is conceded, but they contend that, the judgment of the court having been announced and the appeal prayed before the attempted entry of the clerk, the appeal was properly taken, and the mere fact that the clerk failed to perform his duty in making the proper entry cannot defeat the right of the appellant to prosecute his appeal.

In the case of *Martin* v. *Barnhardt*, 39 Ill. 9, the record showed this entry: "Judgment on verdict for $3000 and costs," and we said: "This seems to be no more than a loose memorandum, perhaps made by the judge as a minute on his docket, as a guide to the clerk in making up his record. * * * It does not state by whose or by what authority a judgment was rendered. It fails to state in whose favor or against whom it was rendered, nor does it even award execution." And again: "The judgment of the court below, if it be possible to call it such, is so informal that it must be reversed. But as a careful examination has failed to show any error previous to the finding of the verdict, and inasmuch as it is sufficient to sustain a judgment, we deem it unnecessary to award a *venire facias de novo*, but we reverse the judgment and remand the cause, with leave to the plaintiff to move the court below for a judgment on the verdict." In that case it does not appear that any motion was there entered to dismiss the appeal, and it seems from the report of the case that the appellant insisted there merely upon the irregularity of the entry of the judgment.

In *Faulk* v. *Kellums*, 54 Ill. 188, the entry was, after showing the denial of a motion for new trial and in arrest of judgment: "Whereupon the court enters judgment up-

on the verdict. And now come the said defendants, by
their attorneys, and pray an appeal, which is granted,"
etc., and we again said: "There is also an objection to
the form of this judgment, if judgment it may be called,
which is well taken. * * * It has no element of a
judgment other than a bare recognition of the finding
of the jury. No action of the court was had upon that
finding." That judgment was reversed and the cause re-
manded generally. Here, again, no motion to dismiss
the appeal was made.

It is clear that these decisions hold an entry like the
one appearing in this transcript is in no proper sense
a judgment of the court. Here the assignment of error
in the Appellate Court, as we have seen, is not that an
irregular, insufficient and informal judgment of the cir-
cuit court was entered, but that "there is nothing in the
record which shows a judgment of the court." The stat-
ute being that appeals and writs of error can only be
prosecuted to this court or the Appellate Courts from
the final judgments or decrees of trial courts, it is diffi-
cult to see how the appellants, under their assignment
of error, could sustain their appeal against a motion to
dismiss for want of such a final judgment. It is true, as
insisted by counsel for appellants, that a judgment is not
necessarily what is entered by the clerk but that which
is ordered and considered by the court. But it is also
true that on an appeal the transcript of the record must
show a final judgment and that all judgments in courts of
record must be in writing, and unless that which is here
shown to have been entered by the clerk is a judgment,
then manifestly there was nothing to appeal from. It is
undoubtedly true that where the record fails to show a
proper final judgment, and no error appears prior to the
rendering of the verdict, the judgment of the court of re-
view should be as in *Martin* v. *Barnhardt, supra,* revers-
ing the judgment and remanding the cause, with leave to
the plaintiff to move the court for a judgment on the ver-

dict; but that practice certainly cannot prevail where there is no judgment from which an appeal could be prosecuted, and a motion has been entered to dismiss for that reason.

We think the Appellate Court committed no error in sustaining the motion to dismiss, and its judgment will accordingly be affirmed.                    *Judgment affirmed.*