JACOB GLASSMAN, Appellee, *vs.* ABRAHAM LESCHT *et al.*— (JAMES H. HOOPER, Appellant.)

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. APPEALS AND ERRORS—*abstract of record must be sufficient to disclose the errors assigned.* Parties who bring cases to the Supreme Court must, under its rules, prepare and file abstracts of the record in accordance with the rules, sufficiently full to enable the court to determine therefrom whether or not the errors assigned are well taken.

2. SAME—*when abstract must show evidence on which master's findings are based.* An appellant in the Supreme Court who objects to a decree based upon the findings of the master must disclose in his abstract the evidence upon which the master's findings are based, and where the abstract merely shows that a certificate of evidence was filed and does not show any of the matters contained in the certificate, the Supreme Court will not study the record to determine whether the master's findings are supported by the evidence.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JAMES H. HOOPER, *pro se.*

ROBERT F. BRADBURN, and LANGWORTHY, STEVENS & McKEAG, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee, Jacob Glassman, filed his bill in the superior court of Cook county to foreclose a mortgage upon certain premises described in the bill by reason of a default in the payment of interest and installments due upon the notes secured by the mortgage, making the mortgagor, Abraham Lescht, and Solomon Bryan and certain parties who were trustees and owners of other mortgages upon the premises, parties defendant. Appellant, James H. Hooper, filed an intervening petition in the case, claiming to be the owner of the premises as purchaser for $607 at a sale made by the bailiff of the municipal court of Chicago under an execution issuing out of that court in an attachment suit in which Solomon Bryan was plaintiff and Lescht was defendant, and that the statutory period of redemption from such sale had expired. Glassman answered the petition, claiming that the time for redemption from said period had not yet expired and that he and all other parties to the suit yet had the right to redeem. Lescht filed an answer to the same effect and tendered $620 to appellant to redeem from said sale. Harry Levitan later filed a cross-bill, in which he alleged that Lescht had been declared a bankrupt in the United States court for the eastern district of Wisconsin, and that afterwards the cross-complainant became the purchaser at a trustee's sale of all the interests of the bankrupt in said real estate and had secured a deed therefor, and he tendered $620 to appellant for the purpose of redeeming from the sale in the attachment case. Issues having been formed, the cause was referred to a master in chancery to take the proofs and report the same, together with his findings. The master in chancery made a report finding that Glassman was entitled to a foreclosure on the mortgage for $8558.85; that on October 9, 1922, Lescht was adjudicated a bankrupt, and that a proper instrument was executed conveying to Levitan all the rights of the bankrupt in and to the real estate; that Levitan had ten-

318—9

dered $620 for the purpose of redeeming from the sale to Hooper, and that the bailiff's deed should be set aside upon the payment to Hooper of said sum. Objections were made by Hooper to the master's report and were ordered to stand as exceptions to the report in the superior court, which court, upon hearing, approved the master's report, ordered foreclosure and sale of the premises described in the mortgage, and ordered that upon the payment of the $620 which had theretofore been tendered to appellant, the deed to appellant be removed as a cloud on the title. From the entry of this decree appellant has perfected an appeal to this court.

It is the duty of parties bringing cases to this court for review to prepare and file complete abstracts of the record in accordance with the rules, which must be sufficiently full to enable the court to determine therefrom whether or not the errors assigned are well taken, and when this is not done the court will not explore the record to find errors to sustain the assignments of error. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *People* v. *Yuskauskas,* 268 id. 328; *Jackson* v. *Winans,* 287 id. 382; *Mantonya* v. *Reilly,* 184 id. 183.) In the present case, while the abstract shows that the cause was referred to the master in chancery to take proofs, that evidence was taken and that the master made a report of his findings based thereon, the abstract of the master's report does not indicate what evidence was heard by him or that the evidence abstracted was all the evidence heard by the master. While the abstract shows that a certificate of evidence was filed in the superior court, it does not show any of the matters contained in the certificate. In this condition of the abstract it is not our duty to explore the record to determine whether the master's findings, upon which the court's decree was based, were supported by the evidence.

The abstract not showing any reversible error, the decree of the superior court will be affirmed.

*Decree affirmed.*