The People *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* Frank J. Mitchell, Appellant.

*Opinion filed April 20, 1927.*

Taxes—*an appeal must be dismissed where record contains no final judgment or order of sale.* An appeal from an order overruling objections to taxes must be dismissed where the record contains no authenticated copy of a judgment or order of sale of the property, as section 100 of the Practice act requires the filing of an authenticated copy of the record of the final judgment or order appealed from, and the parties cannot stipulate against the positive provision of said section.

Appeal from the County Court of Cook county; the Hon. John D. Biggs, Judge, presiding.

Monahan & Monahan, for appellant.

Robert E. Crowe, State's Attorney, and Robert C. O'Connell, (Hayden N. Bell, W. W. DeArmond, and James F. Clancy, of counsel,) for appellee.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal by Frank J. Mitchell, owner of real estate located at 2228-2230 Lincoln parkway, in Chicago, from a ruling of the county court of Cook county refusing to sustain appellant's objections to the application of the county treasurer and *ex-officio* collector for judgment and sale of said property for $1400 delinquent taxes, levied and assessed against the premises for the year 1925.

The record contains no final judgment and order for sale of the property. There is a bill of exceptions in the record and a stipulation of the parties that such original bill may be "incorporated into the record in lieu of a copy," and that the certificate of publication, tax judgment and record, certificate of county treasurer, certificate of county clerk and rule to file objections may be omitted from the

record. The record does not show that any judgment whatever was entered in the cause other than a former judgment of the court in the same cause which by stipulation of the parties was vacated and set aside by the court. The record then recites that said cause coming on for further hearing, "it is hereby ordered that the objections of said objector be" and are overruled, to which finding and judgment of the court the objector, by his attorney, "now here duly excepts and prays an appeal therefrom to the Supreme Court of the State of Illinois, which prayer for appeal is allowed," etc. The record contains the objections of appellant to the application of appellee for judgment and sale of the property, the evidence of the respective parties, and all other matters necessary for a review by appeal except the final judgment and order of sale, if any such were entered.

By section 100 of the Practice act it is provided that all appeals to the Supreme Court shall be prayed and allowed at the term at which the judgment, order or decree appealed from is rendered, and that authenticated copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court on or before twenty days before the first day of the succeeding term of said court, etc. Appeals from interlocutory or other orders of the court, other than final orders or judgments, are not permissible in this State unless specifically provided for by statute. The rulings of the court in this case are based on the evidence in the record, and the parties hereto have no right or power to stipulate against the positive provision of section 100 as to the filing of an authenticated copy of the record of the final judgment and order appealed from in this case.

As the record does not purport to contain any authenticated copy of the record of any final judgment, the appeal must be, and is, dismissed.     *Appeal dismissed.*