(No. 18021.—Appeal dismissed.)
THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* SETH SEAQUIST, Appellant.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

TAXES—*an appeal must be dismissed where record contains no judgment and order of sale.* Section 100 of the Practice act requires the filing of an authenticated copy of the record of the final judgment or order appealed from, and where the record does not show a final judgment and order of sale of property for delinquent taxes an appeal from an order overruling objections to a tax must be dismissed, notwithstanding the parties have stipulated that the record need not contain the tax judgment.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

LEO D. SCHEIN, for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The People, on the relation of Patrick J. Carr, county treasurer and *ex-officio* county collector, applied to the county court of Cook county for judgment and order of sale of the real estate of Seth Seaquist, appellant, located at the northeast corner of Southport avenue and Eddy

street, in the city of Chicago, for $999.58 delinquent general taxes for the year 1925. Appellant objected to the application on the ground that the assessed value of the real estate had been increased in the sum of $10,000 by the board of review without notice to him. The county court at the July term, 1926, overruled appellant's objections, and he thereupon prayed an appeal to this court. At the August term, 1926, of the county court, the court vacated and set aside its former order overruling appellant's objections and upon further hearing again overruled the objections. To the overruling of his objections appellant prayed an appeal to this court.

It was stipulated and agreed by the parties that the original bill of exceptions "may be incorporated into the record in lieu of a copy." It was also stipulated and agreed that the clerk may omit from the record the certificate of publication, tax judgment and record, certificate of county treasurer, certificate of county clerk and rule to file objections. The record does not show that any final judgment and order of sale of appellant's property were entered by the court. The record simply shows that after the court overruled objections appellant prayed an appeal to this court. The record contains all matters necessary for a review by appeal except the final judgment and order of sale but does not show that any such judgment was entered. In the case of *People* v. *Mitchell,* 325 Ill. 472, wherein the record did not show a final judgment and order of sale of property for delinquent taxes, we held that an appeal from such order overruling objections to a tax must be dismissed, as section 100 of the Practice act requires the filing of an authenticated copy of the record of the final judgment or order appealed from, and that the parties can not stipulate against the positive provision of that section.

Since the record does not contain any authenticated copy of the record of any final judgment, the appeal must be, and is, dismissed.                    *Appeal dismissed.*