(No. 20285.—)

Frank E. Clinton *et al.* Appellants, *vs.* The Drainage Commissioners of Drainage District No. 7, Appellees.

*Opinion filed October 25, 1930.*

VanSellar, VanSellar & McClain, and Dyas & Redman, for appellants.

James H. Lauher, and Craig & Craig, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from the county court of Edgar county which rendered judgment on the verdict of a jury on objections filed by certain land owners to a classification of the lands in the district known as Drainage District No. 7 of the Town of Buck, in Edgar county. The jury returned a verdict confirming the classification and the court rendered judgment on the verdict.

The district was organized many years ago and successive assessments have been made at different times. Certain land owners claimed they had not received the benefits contemplated by the organization of the district. Suits were brought against the commissioners of the district in *mandamus* and for damages, and as a result of the suits by the land owners the commissioners on the 29th of September,

1928, adopted plans for doing additional work in the district, which consisted of laying certain new strings of tile and procuring additional right of way. The commissioners found that the classification theretofore made was not in accordance with justice and right and adopted a new classification under section 21 of the Farm Drainage act. (Smith's Stat. 1929, chap. 42, p. 1145.) The new classification was made in September, 1928. The abstract does not show it, but both sides say there was no money on hand for doing the new work. The second hearing on the appeal of the land owners was set for March 12, 1930. On March 11, 1930, the drainage commissioners held a meeting, at which they made certain changes in their plans, none of them, as we understand it, being of great importance. The record is most imperfectly abstracted, but we understand the principal change made was a decision to re-lay 400 feet of tile, which tile objectors complained were defective and that the line had a hump in it. When the case came on for hearing on March 12, 1930, appellants asked for a continuance. The abstract does not show this, but appellees assert, and it is not denied by appellants, that the court instructed appellants to make an affidavit in support of their motion for a continuance, which they declined to do, and the court overruled the motion. Appellants offered no testimony on the trial, and after appellees' testimony was heard the court directed the jury to return a verdict confirming the classification. Such a verdict was returned and the court rendered judgment thereon. This appeal is from that judgment.

We regret to say that the abstract filed by appellants is so imperfect as to not show the real condition of the case and the ground of objections of appellants. It scarcely intimates what the case is about. It does not contain plans of the district or sufficiently show the classification list as to make understandable the points made by appellants. It does not even show the judgment appealed from. Rule 14

of this court requires the abstract to present clearly and concisely a complete abstract of the record so as to show its substance. The rule was adopted to promote the work of the court, and it made it the duty of the parties bringing cases here to make an abstract that would show clearly the points made. This rule was before this court in *Staude* v. *Schumacher*, 187 Ill. 187, *Jackson* v. *Winans*, 287 id. 382, *People* v. *Raboin*, 316 id. 75, *Kellogg Newspaper Co.* v. *Corn Belt Building Ass'n*, 210 id. 419, and *Village of Barrington* v. *Lageschulte*, 323 id. 343. These cases show the question has been before this court a number of times, and the requirements of the rule should be obeyed. The abstract in this case contains no map of the district, and it is rather difficult to understand the case without a drawing or map. We are impressed that the points sought to be made by appellants are principally technical, and a technical answer to a technical claim is certainly good. It was not the duty of appellees to file a corrected or sufficient abstract because of the failure of appellants to comply with rule 14, and it is not this court's duty to perform the work of counsel. This court said in *Gibler* v. *City of Mattoon*, 167 Ill. 18: "It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome." It, of course, is not very satisfactory to counsel to have a case thus disposed of, but the rules of the court have been passed upon in numerous cases, and under the decisions appellants must have known that their abstract was wholly insufficient to present their case. So far as the abstract presents their case we are not impressed with their position. The abstract does not show when the appeals to the county court were taken and does not show any objection was made to appellees' testimony at all.

For failure to comply with rule 14 by filing a sufficient abstract the judgment of the county court is affirmed.

*Judgment affirmed.*