(No. 26085.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* LUDWIG BODE, Appellant.

*Opinion filed April 15, 1941.*

JOHN F. LAX, for appellant.

GEORGE F. BARRETT, Attorney General, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The Department of Finance began an action in the municipal court of Chicago against Ludwig Bode, the appellant. The abstract filed by appellant does not set forth the substance of appellee's statement of claim or the nature of appellee's demands. It does show appellant filed a motion to strike the statement of claim and dismiss the suit and sets forth the first, second and sixth paragraphs of the motion. In the first paragraph of the motion it is stated that appellee's claim is based upon the provisions of the Retailers' Occupation Tax act and it is alleged the act is unconstitutional in that it takes property without due process of law. The second and third paragraphs are that the act seeks to make the defendant work for the State without any or adequate compensation, and that the act seeks to collect the tax upon money collected for the tax due under the act. It appears, by the abstract, that the motion to strike the statement of claim and dismiss the suit was overruled and that a judgment was entered October 21, 1940, but the substance of the judgment is not given and it does not appear whether it was entered on appellee's statement of claim and appellant's motion or on other pleadings and a hearing of evidence. Neither does the time of filing of the notice of appeal or *praecipe* appear in the abstract. Except for the three paragraphs of the motion to strike, the abstract is nothing more than an index to the record.

Without an abstract showing the basis of appellee's claim and the character of its demands, it is impossible to pass upon any questions raised by appellant's motion to strike. In *Rief* v. *Barrett,* 355 Ill. 104, and *Department of Finance* v. *Gandolfi,* 375 id. 237, this court passed upon the constitutionality of certain provisions of the Retailers' Occupation Tax act, but owing to the defective condition of the abstract it is impossible to determine whether the objec-

tions raised by appellant were the same as passed upon in those cases or whether a new and different point is raised.

Rule No. 38 (370 Ill. 43) requires the party bringing a case to this court to furnish a complete abstract of the record. It must contain sufficient contents of the record to present fully every error relied upon. The substance of the record should be abstracted so that it will not be necessary to resort to the record to determine the issues presented. *Morris* v. *Krejci,* 347 Ill. 381; *Village of Barrington* v. *Lageschulte,* 323 id. 343; *Inman* v. *Miller,* 234 id. 356.

The court will not search the record to supply deficiencies in the abstract. (*Clinton* v. *Drainage Comrs.* 341 Ill. 135.) Everything necessary to decide the questions raised on the appeal must appear in the abstract. (*Hooper* v. *Fox,* 364 Ill. 613; *Glassman* v. *Lescht,* 318 id. 128; *Bedinger* v. *May,* 323 id. 187; *Laird* v. *Dickirson,* 241 id. 380.) Rules of court are adopted to promote the work of the court and have the force of law. (*Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) Failure of the abstract to properly present the errors relied upon warrants the court in affirming the judgment. *Clinton* v. *Drainage Comrs. supra.*

For failure to comply with rule No. 38 by filing a sufficient abstract, the judgment of the municipal court is affirmed.

*Judgment affirmed.*