Jeanette Greenberg, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 40,981.

Opinion filed April 15, 1941.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellant; Ira W. Hurley and Albert E. Hallett, Jr., of Chicago, and Nathaniel Rubinkam, of counsel.

Ehrlich & Cohn, of Chicago, for appellee; Aaron H. Cohn, of counsel.

Mr. Justice John J. Sullivan delivered the opinion of the court.

This is an action at law on four insurance policies issued by the defendant company on the life of Herman C. Greenberg. A trial by the court without a jury resulted in a finding in favor of the plaintiff beneficiary, Jeanette Greenberg, in the sum of $21,056.59 and

judgment was entered on such finding. This appeal followed.

Plaintiff's amended complaint contains five counts, each of which deals with a separate insurance policy. Count number two was withdrawn so that the case was tried upon counts one, three, four and five. Counts one, four and five, relating to policies 5071700-A, 5425420-A and 4623686-A, respectively, involve insurance policies in the sum of $5,000 each, all of which included a supplemental contract providing for waiver of premiums and payment of monthly income indemnities upon due proof being received by the defendant company of the total and permanent disability of the insured. Policy number 5994387-A, set forth in count three, is in the sum of $4,415 and contains no supplemental contract. With regard to counts one, four and five (the policies containing supplemental contracts) the complaint alleges that premiums were paid by the insured up to and including the year 1932; that all premiums on said policies for the year 1933 and subsequent years were waived by defendant and that the insured was not obligated to make payment thereof because of his alleged total and permanent disability; and that defendant had at the time of the due date of each of said premiums and still has in its possession money to which the insured was entitled, amounting to more than the amount of said premiums.

With regard to count three it is alleged that the insured within the periods specified in the policy paid defendant the amount of each annual premium required to be paid from the time of the issuance of said policy to the death of the insured and that defendant had at the time of the due date of each of said premiums and still has in its possession money to which the insured was entitled, amounting to more than the amount of said premiums. Plaintiff asked judgment for $5,000, together with interest from April 27, 1936, under count one; for $4,415 with interest

from the said date under count three; for $5,000 with interest from the same date under count four; and for $5,000 plus interest from the same date under count five.

Defendant as to counts one, four and five admitted in its answer the issuance of the policies and the death of the insured on April 27, 1936, but denied that the premiums due on the policies were paid to and including the time of the death of the insured and also denied that the premiums subsequent to the year 1933 were waived under the terms of such policies. Defendant further denied that the insured on February 13, 1933, became "totally and permanently disabled, so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit" as provided by the policy contracts. It was then denied that the insured delivered to defendant due proof of his total and permanent disability as provided by the terms of the policies and averred that the insured never became entitled to total and permanent disability benefits under said policies or to the waiver of premiums on account of any alleged disability.

Defendant's answer further averred that policy No. 5071700-A mentioned in count one lapsed for failure to pay the premium due September 20, 1934; that policy No. 5425420-A mentioned in count 4 lapsed for failure to pay the premium due July 13, 1934, and in addition thereto at the request of the insured the defendant company purchased said policy for its cash surrender value of $16.03 and thereby the insured forever discharged the defendant from any and all liability under said policy; that policy No. 4623686-A mentioned in count 5 lapsed for failure to pay the premium due June 28, 1934. As to policy No. 5994387-A defendant averred that said policy lapsed on July 10, 1934, for failure to pay the semi-annual premium due on said date and in addition thereto at the request of

the insured the defendant company purchased said policy for its cash surrender value of $53.94 and thereby the insured forever discharged defendant from any and all liability under said policy. Defendant specifically denied that any of said policies were in force at the time of the death of the insured on April 27, 1936.

Plaintiff filed a reply to defendant's answer, which alleged that the check of defendant company issued to the insured for $53.94 as the cash surrender value of policy No. 5994387-A and a similar check in the sum of $16.03 on policy No. 5425420-A were considerably less than the true and correct full cash surrender values of said policies and that the acceptance thereof and the surrender of said policies for cancellation by the insured did not release or discharge the defendant of its obligation to pay the full amount of said policies. No questions are raised on the pleadings.

Defendant's theory, as stated in its brief, is "that Herman C. Greenberg, the insured, was not totally and permanently disabled within the meaning of the language of the policy on February 13, 1933 or at any time thereafter; that he was obligated to make payment of premiums on the policies sued on and failed to do so as and when they became due and that by reason thereof all of said policies lapsed and were of no force or effect at the time of his death, and in addition thereto policies Nos. 5994387-A and 5425420-A at the request of the insured were purchased for their cash surrender values and the insured thereby released and forever discharged the defendant company from any and all liability thereunder."

The insured met with a severe injury on February 13, 1933, which necessitated hospitalization, an operation and confinement to his home for a long period of time. Three of the policies upon which this action is predicated include a supplemental contract which contained the following, among other provisions:

"Metropolitan Life Insurance Company
" . . .
"Hereby agrees, that upon receipt by the Company at its Home Office in the City of New York of due proof . . . that the insured has, while said Policy and this Supplementary Contract are in full force . . . become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said Policy and this Supplementary Contract, and,

"2. Pay to the insured . . . a monthly income of $10 for each $1,000 of insurance . . . under said Policy."

On or about May 27, 1933, which was more than three months after his injury, the insured forwarded to defendant his claim for total and permanent disability benefits under the foregoing provisions of the said three policies. His claim was rejected by the insurance company on the ground that the proofs submitted did not show that the insured was prevented as a result of his injury from engaging in any occupation and performing any work for compensation or profit.

All premiums had been paid by the insured on the four policies upon which this suit is based up to and including 1933. No premiums were thereafter paid on any of the policies prior to the death of the insured on April 27, 1936. Plaintiff as the beneficiary under the four policies, having furnished due proof of the death of the insured, asked in her complaint for judgment for the principal amount of each of said policies

with interest from the date of the death of her husband.

We think that the basic question in this case is whether the three policies containing the provisions pertaining to total and permanent disability were in force and effect when the insured died or whether said policies had lapsed because the premiums due thereon in 1934 and 1935 were not paid.

Plaintiff's position on this question is that the claim of the insured that he was totally and permanently disabled should have been allowed by defendants, that because of his disability within the terms of said policies he was entitled to the benefits specified therein in the way of waiver of premiums and monthly income payments and that, since defendant failed to waive said premiums and to make such monthly payments, which the insured should have received commencing as of the date of his injury on February 13, 1933, the insurance company had in its possession on the due dates of the premiums for 1934 and 1935, and still has in its possession in the form of unpaid disability payments owing to the insured, more money in the aggregate than the amount of the premiums due in 1934 and 1935, which money so withheld should have been applied toward the payment of said premiums. As to the policy which did not contain the disability provision plaintiff claims that defendant had at the time when the premiums were due thereon in 1934 and 1935, sufficient money in its possession belonging to the insured in the form of unpaid disability payments on the other three policies to pay said premiums and that it should have been applied to the payment of same.

In short plaintiff contends that where a fund is due from an insurer to the insured it must legally apply this fund to the payment of premiums as they fall due so as to avoid the lapse of the policy.

In support of plaintiff's position she cites *Leach v. Federal Life Ins. Co.*, 296 Ill. App. 88; *American Nat. Ins. Co. v. Yee Lim Shee*, 104 F. (2d) 688; *Kern v. Western Life Indemnity Co.*, 192 Ill. App. 96; *Supreme Lodge Order Mut. Protection v. Meister*, 204 Ill. 527; 32 Corpus Juris, 1308. These authorities all dealt with situations where the insurance company had in its hands a fund or money belonging to the policy-holder which was "absolutely due," "absolutely due and payable," "presently payable," "due and payable," or which it admitted and acknowledged it owed the insured.

In the *Leach* case it was undisputed that the disability payments were in fact due the insured before the date of the alleged lapse and that they greatly exceeded the premiums due. Four days after the date of said alleged lapse the company sent the insured its check for $310 and the insured immediately forwarded to the company his personal check for $110.50 to cover the premiums. The insurance company returned this check immediately, notifying the insured that his policy had lapsed. Upon the insured's complaint in equity to reinstate the policy the court held under these facts that he was entitled to reinstatement, saying at p. 95 of its opinion: "It is significant that the claim was allowed and the check for the amount of same forwarded four days after the expiration of the grace period for the payment of the premium in question and defendant's 'hesitation' in approving and paying the claim is also highly significant in the light of its attempt to forfeit the policy." In *American Nat. Ins. Co. v. Yee Lim Shee*, the policy modified the disability clause by providing that in addition to all other causes of disability the company would consider the loss of the sight of both eyes as total and permanent disability. It was undisputed that the insured lost the sight of both eyes. The court therefore

held that the fund was absolutely due and required its application to the payment of premiums. The case of *Kern v. Western Life Indemnity Co.* involved only the application of the admitted value of a present policy to the purchase of extended insurance under the policy contract. *Supreme Lodge v. Meister* was a case in which a double payment of premiums had been made, leaving an excess in the hands of the company which was premium money and which the company was bound to apply for that purpose. The citation from Corpus Juris is in the following language: "Where the company has in its hands a fund absolutely due and payable to the insured before the date upon which his premium becomes due, the company should apply such funds if necessary to avoid a forfeiture." Thus the insurer is required to apply a fund in its hands toward the payment of premiums when such a fund is absolutely due and payable to the insured.

It is obvious that the foregoing authorities are applicable only to a situation where the insurance company has in its possession belonging to the insured and absolutely and presently payable to him, a fund sufficiently large to cover the payment of premiums due before the policy lapsed. An entirely different situation is presented in the instant case. Here the claim of the insured for total and permanent disability benefits was promptly denied and has ever since remained in dispute. Although the insured did not die until more than three years after his injury, he made no effort during his lifetime to have his right to disability benefits determined.

The precise question under consideration under a practically identical factual situation was presented and determined in *Vick v. Illinois Banker's Life Ass'n,* 276 Ill. App. 432. In that case the insured had two policies of insurance which provided that upon satisfactory proof that he had become totally and permanently disabled from any cause and would thereby con-

tinuously be prevented during his lifetime from doing any labor or prosecuting any kind of business, the insurance company would pay half of the face of the policy to the insured and the remainder to his beneficiary upon his death. On May 7, 1929, the insured submitted claim for total and permanent disability payments, asserting that she had become disabled on May 1, 1928. The company denied liability on the proofs submitted. The insured died on June 4, 1932, and the beneficiary made claim for the amount provided in the policies. The insurance company defended on the ground that the policies had lapsed for nonpayment of premium. No premiums had been paid after July, 1929. The plaintiff in that case made the same contention as is made by the plaintiff here. Judgment was entered in favor of plaintiff upon the verdict of a jury. There the court in reversing the judgment said at pp. 436, 437:

"Were these policies properly declared lapsed? If they were, this lawsuit is ended. They undoubtedly were lapsed, unless, as appellee claims, there was money in the hands of appellants belonging to the assured which appellants could and should have applied to the payment of such premiums on these policies as was necessary to keep them alive.

"Forfeitures are not favored in Illinois and will not be upheld in contracts for insurance if by reasonable construction such result can be avoided. *Bolton v. Standard Life Ins. Co.,* 219 Ill. App. 177; *Glassman v. Lescht,* 318 Ill. 128. This is the law of the State but this does not mean that courts are to put unreasonable interpretations upon insurance contracts and thus deprive insurance companies of substantial rights inuring to them under the law, their charters and their contracts. No assessments were paid by the assured or by appellee after July, 1929. In May of that year the assured had made her claim for total and permanent disability. On May 29th of that year said claim had

been denied. This left an open question whether appellants had funds in their hands belonging to the assured. The assured seemed to take for granted that appellants were indebted to her. It seems that it would have been the part of wisdom to have kept on paying her assessments until it was finally determined whether the company was indebted to her. This she did not do."

We are of opinion that, since the right of the insured to the disability benefits provided for in the three afore-mentioned policies was disputed and undetermined, defendant was under no obligation to waive the payment of the premiums due on such policies and that the insured had no right to expect the insurer to pay his premiums or to rely upon it to do so. Neither was the insurance company obligated under the circumstances to make the monthly disability payments to the insured as provided in said policies.

We are impelled to hold that the four policies here involved lapsed for nonpayment of the premiums due thereon in 1934, that there were no funds admittedly and absolutely due from defendant to the insured when said premiums fell due which it should have applied to avoid lapsation of the policies and that therefore plaintiff is not entitled to recover.

In the view we take of this case we deem it unnecessary to discuss the other points urged.

The judgment of the circuit court is reversed.

*Judgment reversed.*

FRIEND, P. J., and SCANLAN, J., concur.