(No. 27043.—Writ of error dismissed.)
W. R. HAYES *et al.,* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(H. C. DAVIS, Defendant in Error.)

*Opinion filed May 20, 1943.*

MCKENNA & HARRIS, (JAMES J. MCKENNA and JAMES I. HOLICKY, of counsel,) for plaintiffs in error.

MAXINE WOODRUFF, and HASSEL B. SMITH, for defendant in error.

Mr. JUSTICE SMITH delivered the opinion of the court:

On petition of plaintiffs in error, this court granted a writ of error to review a judgment of the circuit court of Marion county. The case arose under the Workmen's Compensation Act.

Briefly, the facts show that defendant in error, H. C. Davis, lost a leg in an accident while "tailing in" an oil well on a lease owned and operated by plaintiffs in error,

doing business as Midwest Oil & Gas Co. The arbitrator made an award in favor of Davis for the loss of his limb. On appeal the Industrial Commission affirmed the decision of the arbitrator. It is alleged that the circuit court of Marion county confirmed the decision of the commission.

We are precluded from a consideration of the case on the merits, because no transcript of the record of the trial court has been filed showing the judgment sought to be reviewed, as required by Rule 60 of this court. (370 Ill. 65.) That rule provides that the application for writ of error in a compensation case shall be accompanied by a "complete transcript of the record of the trial court."

Rule 36 (2) definitely sets out what the transcript of the record shall contain. (370 Ill. 39.) It is elementary that where a party desires to have a judgment reviewed, it is incumbent upon him to present to this court a transcript of the record of the judgment sought to be reviewed. *Knecht* v. *Sincox,* 376 Ill. 586.

In *Department of Finance* v. *Bode,* 376 Ill. 374, we said: "The court will not search the record to supply deficiencies in the abstract. (*Clinton* v. *Drainage Comrs.* 341 Ill. 135.) Everything necessary to decide the questions raised on the appeal must appear in the abstract. (*Hooper* v. *Fox,* 364 Ill. 613; *Glassman* v. *Lescht,* 318 Ill. 128; *Bedinger* v. *May,* 323 Ill. 187; *Laird* v. *Dickirson,* 241 Ill. 380.) Rules of court are adopted to promote the work of the court and have the force of law. (*Gyure* v. *Sloan Valve Co.,* 367 Ill. 489.) Failure of the abstract to properly present the errors relied upon warrants the court in affirming the judgment. *Clinton* v. *Drainage Comrs.* 341 Ill. 135."

Where the abstract does not show any judgment entered by the trial court, the failure of a party bringing a case to this court to furnish a proper record and to properly abstract the same, so as to fully present the errors relied upon, is ground for affirmance. *Department of Fi-*

*nance* v. *Sheldon,* 381 Ill. 256; *Department of Finance* v. *Bode,* 376 Ill. 374.

The only recital in the abstract which indicates any disposition of the case in the court below, is a docket entry which reads as follows: "Court overrules motion to quash but sustains award of Industrial Commission, Sept. 29, 1942." It has been repeatedly held that a docket entry does not constitute a judgment. The transcript of the record on appeal must show a final judgment, and the failure to show such judgment in the transcript and in the abstract of the record, is ground for affirmance or dismissal. In *Metzger* v. *Wooldridge,* 183 Ill. 174, the record showed a docket entry as follows: "And the court having heard the motion, court overruled same, and judgment on the verdict for $1521.09." This was followed by a recital that an appeal was prayed by the defendants. It was held that this entry on the docket did not constitute a final judgment, reviewable by this court. The case was affirmed because the transcript did not show a final judgment from which the appeal was taken.

The same rule was announced in *People* v. *Spies,* 344 Ill. 586, *People ex rel. Hicks* v. *O'Hair,* 340 Ill. 206, *People ex rel. Carr* v. *Seaquist,* 327 Ill. 472, and *People ex rel. Carr* v. *Mitchell,* 325 Ill. 472. Here, no judgment sought to be reviewed is shown by the abstract. We have said many times that we would not search the record where the abstract was insufficient.. However, in this case, a search of the record discloses an omission even more fatal. It discloses that the transcript filed in this court does not show any final judgment. The transcript filed here is in two separate parts, bound together under one cover. The first part consists of fourteen pages, numbered from one to fourteen, inclusive, with Roman numerals. This is followed by a certificate of the clerk. He certifies in this certificate that it is a "Transcript of judgment entered *April 10,* 1942, in favor of H. C. Davis, etc., v. Midwest Oil Co., etc., and Industrial Commission of Illinois, et al.,

etc., Case No. 42-44, as the same appears on the records and in the files now in my office remaining." This is followed by the original transcript filed in the circuit court by the Industrial Commission, as a return to the writ of *certiorari*. At the end of the original transcript of the proceedings had before the Industrial Commission, the circuit clerk certifies to it as the original transcript of proceedings filed in his office by the Industrial Commission.

In *Martin* v. *Barnhardt*, 39 Ill. 9, it was said: "Whilst courts will indulge all reasonable presumptions, from what does appear in the record, that the business and proceedings in courts have been in accordance with the practice governing such courts, still we cannot infer that a judgment has been regularly entered because a suit has been instituted, nor because a jury has found a verdict in the case, nor because the clerk may make this recital: 'Judgment on verdict for three thousand dollars and costs.' This seems to be no more than a loose memorandum, perhaps made by the judge as a minute on his docket, as a guide to the clerk in making up his record. Instead of which, it looks as if the clerk had literally transcribed it into the transcript for this court. We can hardly imagine that the clerk of a circuit court would make such an entry in the records or rolls of his court and call it a judgment. It does not state, by implication even, that it was 'found, ordered, considered or adjudged by the court that the one or the other party should have or recover any thing of the other. It does not state by whose or by what authority a judgment was rendered. It fails to state in whose favor or against whom it was rendered, nor does it even award execution." The rule there announced has been approved and followed in *Santa Clara Lumber Co.* v. *Prescott,* 238 Ill. 625, *Metzger* v. *Morley,* 184 Ill. 81, and numerous other cases.

The transcript in this case does not contain what even purports to be the judgment of the circuit court, sought to be reviewed on this writ of error. The requirements

of Rule 60, relating to the transcript, are similar to the requirements of section 100 of the Practice Act of 1907. (Ill. Rev. Stat. 1933, chap. 110, par. 100.) This rule has the force of law and must be observed as such. (*Department of Finance* v. *Sheldon*, 381 Ill. 256; *Department of Finance* v. *Bode*, 376 Ill. 374; *Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) In *People ex rel. Carr* v. *Seaquist*, 327 Ill. 472, and *People ex rel. Carr* v. *Mitchell*, 325 Ill. 472, it was held that the positive requirements of section 100 of the Practice Act of 1907 could not be waived.

For the failure of plaintiffs in error to file in this court an authenticated transcript of the record, as required by Rule 60, the writ of error is dismissed.

*Writs of error dismissed.*