(No. 32058.—

JAMES HARRIS *et al.,* Appellants, *vs.* FRANK ANNUNZIO, Director of Labor, *et al.,* Appellees.

*Opinion filed January 24, 1952.*

HUGO SONNENSCHEIN, JR., of Chicago, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This proceeding originated with the filing of a complaint, in the circuit court of Cook County, to review a decision of the Director of Labor as provided in the Administrative Review Act. In such proceeding a direct appeal to this court, from a judgment of a circuit court or superior court, is permitted in the same manner as in other civil cases. Ill. Rev. Stat. 1949, chap. 48, par. 242(2).

The appellants are James Harris and Cornelius S. Harris, doing business as Harris Cabs. The complaint charges that the Director of Labor, unlawfully and arbitrarily, assessed the sum of $9456.96 as the amount of contributions, interest, and penalties due from appellants, under the Unemployment Compensation Act, for the year

1937 and succeeding years up to and including the second quarter of the year 1948. The prayer of the complaint was for a review of the decision of the Director by the circuit court and for a writ of *certiorari* requiring the Director of Labor to answer the complaint and to file a complete record of the proceedings in the circuit court. The Director of Labor entered his appearance in the cause, and filed a report of the proceedings had before the Director's representative, including a summary of the evidence and objections to the report. The abstract of record filed by appellants includes only a showing of the complaint; written appearance of the Director of Labor; a report of the Director's representative; objections to the report of the Director; notice of appeal from a final decree stated to have been rendered by the circuit court of Cook County on or about March 21, 1951, the nature, extent and contents of which is not abstracted or indicated in any way; *praecipe* for record; and a stipulation between counsel that the original report of proceedings before the administrative agency might be used in the record on appeal. The abstract of record contains nothing further concerning the proceedings had before the circuit court. It is impossible from an examination of the abstract of record to determine what disposition was made of the cause in the circuit court, or whether a final, appealable judgment or order was entered in that court. The appeal in this case is from a supposed judgment or order of the circuit court of Cook County, which does not appear anywhere in the abstract of record.

Rule 36(2) of this court, (Ill. Rev. Stat. 1949, chap. 110, par. 259.36(2),) definitely sets out what the transcript of the record on appeal shall contain. It is elemental that where a party desires to have a judgment reviewed by this court it is incumbent upon him to present a transcript of the record of the judgment sought to be reviewed. *Knecht* v. *Sincox*, 376 Ill. 586.

The abstract of record is the pleading of the appellant, by means of which the cause of action established in the transcript of record is presented for review. (*People* v. *Parker,* 345 Ill. 181; *Clinton* v. *Drainage Comrs.* 341 Ill. 135.) Rule 38 of this court, (Ill. Rev. Stat. 1949, chap. 110, par. 259.38,) requires the party prosecuting an appeal in this court to furnish a complete abstract of the record. Such abstract must be sufficient to present fully every error relied upon for reversal. In *Department of Finance* v. *Sheldon,* 381 Ill. 256, we held that the substance of the record should be abstracted so that it would not be necessary for the court to resort to the record to determine the issues presented; that everything necessary to decide the questions raised on appeal must appear in the abstract; and that failure of the abstract to properly present the errors relied upon would warrant the court in affirming the judgment. In *Hayes* v. *Industrial Com.* 383 Ill. 272, we reviewed at some length previous decisions of this court concerning the application of the rule, and concluded that, where the abstract does not show any judgment entered by the trial court, the failure of the party bringing a case to this court to furnish a proper record and to properly abstract the same, so as to fully present the errors relied upon, was ground for affirmance. In reviewing a supposed judgment of the circuit court of Cook County, in a proceeding under the Workmen's Compensation Act, where the judgment of the circuit court did not appear in the abstract of record, we said, in *Boston Store of Chicago, Inc.,* v. *Industrial Com.* 386 Ill. 17, "It nowhere appears from the abstract what the judgment of the circuit court was or what questions are involved. It has been repeatedly announced by this court that the court will not search the record to supply deficiencies in the abstract. Everything necessary to decide the questions raised must appear in the abstract. This rule has been announced and adhered to in the published decisions of this court over

a long period of years. Many of these cases are referred to in *Hayes* v. *Industrial Com.* 383 Ill. 272. For the reasons stated in that case, the court cannot review the supposed judgment in this case." What was said there applies with equal force to the case here presented for review. Rules of court are adopted to facilitate the work of the court and they have the force of law. (*People ex rel. Rose* v. *Craig,* 404 Ill. 505.) This court has power to make and to interpret its own rules, and such rules, while they remain in force, are binding on this court the same as on litigants. *Swain* v. *Hoberg,* 380 Ill. 442.

Because of the failure of appellants to comply with Rule 38 by presenting to this court a complete abstract of the record, so that we can determine the action of the court sought to be reviewed, we are compelled to dismiss the appeal.

For the above reasons, the appeal is dismissed.

*Appeal dismissed.*