Nelson Rittenhouse, Plaintiff-Appellant, v. Dixon National Bank, Defendant-Appellee.

Gen. No. 67–178.

Second District.

June 27, 1968.

Knight, Ingrassia & Schirger, of Rockford, for appellant.

Dixon, Devine, Ray & Morin, of Dixon, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This proceeding originated by the filing of a complaint on July 5, 1966. The defendant successfully moved to dismiss the same for its failure to state a cause of action. Thereafter, on December 14, 1966, the plaintiff filed an amended complaint which also was dismissed. On June 21, 1967, a second amended complaint was filed and the following order was entered on September 20, 1967:

"NOW, THEREFORE IT IS ORDERED that the Second Amended Complaint filed herein be and the

same is hereby stricken and leave to file a Third Amended Complaint on or before October 1, 1967, is hereby granted."

A search of the record discloses the Clerk's minute docket with the following notation as of October 13, 1967:

"Order of Dismissal entered. See Order."

On November 9, 1967, a notice of appeal was filed, the essential part of which contained the following language:

"(T)hat Nelson Rittenhouse . . . hereby appeals . . . from the Order entered . . . , wherein the Court dismissed the *Amended Complaint* of the plaintiff.

"The plaintiff-appellant prays that said Order dismissing the *Complaint* filed by plaintiff be set aside . . . ." (Emphasis added.)

It will be noted that neither the date nor the specific order appealed from can be gleaned from this notice.

Prior to the filing of abstracts and briefs by the litigants herein, the defendant moved this Court to dismiss the appeal. The motion was ordered to be taken with the case.

Plaintiff's abstract sets out, verbatim, a court order dated October 13, 1967, which allegedly dismisses the plaintiff's cause of action and refers to a certain page of the record where such order may be found. However, the referred to page shows the September order quoted above. This becomes important for the reason that if it is from the October order that the plaintiff is appealing, then his notice of appeal was filed within the time limit allowed by Supreme Court Rule 303(a). On the other hand, if he is appealing from the order entered in September, then his notice was not filed in apt time and this Court does not have jurisdiction to entertain the appeal. See, Supreme Court Rule 301. We are given no assistance from

the notice of appeal, as shown above, because it lacks specificity.

 Nevertheless, it is elementary that the record shall consist of the judgment from which the appeal is taken. Supreme Court Rule 321; Harris v. Annunzio, 411 Ill 124, 125, 103 NE2d 477 (1952); Hayes v. Industrial Commission, 383 Ill 272, 273–274, 48 NE2d 940 (1943). It has been repeatedly held that a docket entry does not constitute a judgment. Hayes v. Industrial Commission, supra, at page 274. However, nowhere in the record are we able to find the order of October 13, 1967, as set forth in plaintiff's abstract. Consequently, we conclude that the appeal must be dismissed.

Appeal dismissed.

DAVIS and SEIDENFELD, JJ., concur.