GENERAL BOUSHELLE CORPORATION, Plaintiff-Appellee, *v.* WILLIAM H. RUBIN, Defendant-Appellant.

(No. 54266; )

First District—December 27, 1971.

William Henning Rubin, *pro se.*

Carmel & Ellis, of Chicago, (Kenneth Edward Marcus, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

A file containing papers purporting to be the "short record" of an appeal from a "judgment order * * * entered on the 21st day of November 1968, and from the order entered on the 8th day of May, 1969, denying Defendant's motion to vacate the judgment * * * (sic)" was filed with the clerk of this Court on July 29, 1969. Subsequent thereto, papers purporting to be appellant's excerpts from record, brief and reply brief, and appellee's brief were filed.

Although characterized by appellant as a "short record," the aforementioned file is actually intended as the "record" on appeal, since the appellant's purported brief and reply brief request from this Court a complete reversal of the alleged judgment alluded to above on evidentiary grounds. The file consequently does not qualify as a "short record" under Supreme Court Rule 328, and therefore the attempted

authentication of the file by affidavit of the appellant, attorney *pro se*, is a nullity. Rather, the file should have been certified by the clerk of the trial court, as required by Supreme Court Rule 324, relating to the certification of the record on appeal. (See *Second Mercantile Financial Corp. v. Demierre,* (Ill.App.2d), 272 N.E.2d 695; *Hiser v. Baker,* 115 Ill.App. 12.) It should be further noted that neither the alleged judgment appealed from, nor a copy thereof, is contained in the file on appeal. See Supreme Court Rule 321; *Harris v. Annunzio,* 411 Ill. 124.

Because the "record" filed with the clerk of this Court was not properly certified by the clerk of the trial court, the appeal is dismissed.

Appeal dismissed.

LYONS and GOLDBERG, JJ., concur.